NOT RECOMMENDED FOR PUBLICATION

No. 23-3723

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 8, 2024
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| NICKIE THOMAS GRAY, JR., | ) |
|     Petitioner-Appellant, | ) ) ) |
| v. | ) ON APPEAL FROM THE UNITED ) STATES DISTRICT COURT FOR ) THE NORTHERN DISTRICT OF |
| UNITED STATES OF AMERICA, | ) OHIO ) |
|     Respondent-Appellee. | ) |

O R D E R

Before: GRIFFIN, KETHLEDGE, and NALBANDIAN, Circuit Judges.

Nickie Thomas Gray, Jr., a federal prisoner proceeding pro se, moves to partially dismiss his appeal. He also moves for leave to proceed in forma pauperis (IFP) to challenge the district court's imposition of filing restrictions, to expedite his appeal, and to stay the filing restrictions imposed by the district court. For the following reasons, we grant the motions for partial dismissal, and to expedite the appeal, and we deny the motions to stay the district court's filing requirements and for leave to proceed IFP.

In 2014, a jury convicted Gray of receiving and distributing visual depictions involving the sexual exploitation of minors and possessing child pornography. The district court sentenced him to 240 months of imprisonment, and we affirmed. *United States v. Gray*, 641 F. App'x 462, 470 (6th Cir. 2016). Gray then filed a motion under 28 U.S.C. § 2255, arguing that his attorney provided ineffective assistance before and during trial. The district court denied the motion on the merits, and we denied Gray's application for a certificate of appealability, *Gray v. United States*, No. 18-3067, 2018 WL 7107544, at *4 (6th Cir. Aug. 8, 2018).

In July 2023, Gray moved the district court to either reopen his § 2255 proceeding or grant him a writ of audita querela. He sought to argue that he was actually innocent because he did not

possess the electronic devices listed in the indictment until after the offenses allegedly occurred and that the two counts charged in the indictment were "multiplicitous." The district court denied the motion. Noting Gray's "pattern of filing motions in the case at bar that are repetitive and baseless," the district court also "permanently enjoined [Gray] from filing any further motions or other documents pertaining to his convictions and sentencing in this criminal action unless and until he has received permission from the Sixth Circuit to file a second or successive petition under 28 U.S.C. § 2255."

An indigent litigant may obtain leave to proceed IFP on appeal if the appeal is taken in good faith. Fed. R. App. P. 24(a); *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006). An appeal is not taken in good faith if it is frivolous, meaning that it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). In general, if an indigent litigant wishes to proceed IFP on appeal, he must first file a motion in the district court with his notice of appeal. Fed. R. App. P. 24(a)(1); *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1135 (6th Cir. 1997). And if the district court denies the motion, the litigant then has 30 days to file a motion in the court of appeals to proceed IFP. Fed. R. App. P. 24(a)(5). But here, Gray did not send his IFP motion until six months after he sent his notice of appeal—filing both directly in the court of appeals and skipping the district court entirely. So Gray's IFP motion was untimely, and it was filed in the wrong court.

That said, Gray has shown "good cause" for expediting his appeal. 6 Cir. R. 27(f). He states that he wishes to file an 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on a newly enacted and retroactively applicable amendment to the Sentencing Guidelines, and the district court's filing restriction purports to preclude that filing. We decline, however, to stay the district court's imposition of the filing restriction. Gray did not move for a stay in the district court, and he has not shown that it would have been impracticable for him to do so. *See* Fed. R. App. P. 8(a)(1), (a)(2)(A); *Kentucky ex rel. Danville Christian Acad., Inc. v. Beshear*, 981 F.3d 505, 508 (6th Cir. 2020) ("Moving first in the district court" to stay preliminary injunctive relief would "have been impracticable" because the injunction would have permitted the action at issue to occur within only a few days.).

For the foregoing reasons, we **GRANT** Gray's motion to partially dismiss his appeal and **DISMISS** the portion of this appeal regarding the district court's denial of his motion to reopen his § 2255 proceedings and denial of his request for a writ of audita querela. We **DENY** Gray's motion to stay the district court's filing restriction and for leave to proceed IFP on appeal. We **GRANT** Gray's motion to expedite the appeal. After Gray pays the filing fee, the Clerk's Office is directed to issue a renewed and expedited briefing schedule on the following issue only: Whether the district court abused its discretion when it imposed a filing restriction on Gray. But unless Gray pays the $505 filing fee to the district court within 30 days of the entry of this order, this appeal will be dismissed for want of prosecution.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk