IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

CASE NO. 23-3723

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

NICKIE THOMAS GRAY,
Defendant-Appellant.

On Appeal from the United States District Court
for the Northern District of Ohio
Eastern Division

BRIEF OF PLAINTIFF-APPELLEE

Nickie Thomas Gray
Reg. No. 60185-060
Hazelton FCI
P.O. Box 5000
Bruceton Mills, West Virginia 26525

*Pro Se* Defendant-Appellant

REBECCA C. LUTZKO
United States Attorney

Brian M. McDonough
Assistant United States Attorney
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113
Telephone No: (216) 622-3965
Facsimile No: (216) 522-2403
E-mail: Brian.McDonough@usdoj.gov

Counsel for Plaintiff-Appellee

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................... iii

STATEMENT REGARDING ORAL ARGUMENT ............................................. vi

JURISDICTIONAL STATEMENT ............................................................... 1

STATEMENT OF THE ISSUES................................................................... 2

STATEMENT OF THE CASE...................................................................... 3

SUMMARY OF THE ARGUMENT ............................................................. 12

ARGUMENT ........................................................................................ 14

    I.    THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN ENJOINING GRAY FROM FILING FURTHER MOTIONS ............. 14

    II.   THE DISTRICT DID NOT HAVE JURISDICTION TO HEAR GRAY'S LATEST § 2255 MOTION AS HE WAS REQUIRED TO FIRST OBTAIN PERMISSION TO FILE IT FROM THIS COURT ...................................................................................... 22

    III.  GRAY'S LATEST FILING, IF CONSTRUED AS A REQUEST FOR PERMISSION TO FILE A SECOND OR SUCCESSIVE § 2255 MOTION, DOES NOT MAKE THE REQUIRED PRIMA FACIE SHOWING .......................................................................... 23

CONCLUSION...................................................................................... 26

CERTIFICATION OF COMPLIANCE WITH WORD LIMITATION................ 27

CERTIFICATE OF SERVICE .................................................................. 28

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS ............. 29

# TABLE OF AUTHORITIES

## Federal Cases

*Blair v. Hamilton Cnty. Justice's Ctr.*, No. 1:22-CV-77, 2022 WL 1153204 (S.D. Ohio Apr. 19, 2022) .................................................................................... 15, 17

*Burton v. Stewart*, 549 U.S. 147 (2007).................................................................22

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)......................................................14

*Clark v. United States*, 764 F.3d 653 (6th Cir. 2014)............................................23

*Clemons v. DeWine*, No. 19-3033, 2019 WL 7567197 (6th Cir. May 1, 2019)..........
.................................................................................................................... *passim*

*De Long v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990) ............................. 15, 16, 21

*Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264 (6th Cir. 1998)............................14

*Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987).................................................14

*First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501 (6th Cir. 2002) .........................................................................................................................14

*Gonzalez v. Crosby*, 545 U.S. 524 (2005) .............................................................23

*Gratton v. Cochran*, No. 3:20-CV-00742, 2021 WL 3603789 (M.D. Tenn. Aug. 13, 2021) .................................................................................................. 15, 17

*Gratton v. Wildasin*, No. 21-5824 WL 3969833 (6th Cir. June 22, 2022)....... 15, 17

*Gray v. United States*, No. 4:14CR0164, 2017 WL 6558494 (N.D. Ohio Dec. 22, 2017) .........................................................................................................................5

*Gray v. United States*, No. 18-3067, 2018 WL 7107544 (6th Cir. Aug. 8, 2018) ...5, 18

*Gray v. United States*, No. 19-3519 (6th Cir. Dec. 26, 2019) ..................................5

*In re Nailor*, 487 F.3d 1019 (6th Cir. 2007) ..........................................................23

*In re Nyamusevya*, 654 B.R. 581 (Bankr. S.D. Ohio 2023)....................................16

*In re Sargent*, 837 F.3d 675 (6th Cir. 2016) ............................................................25

*In re Sims*, 111 F.3d 45 (6th Cir. 1997) ..................................................................22

*Jaiyeola v. Toyota Motor Corp.*, No. 21-1812 WL 17819776 (6th Cir. June 16, 2022) ......................................................................................................................15

*Keith v. Bobby*, 618 F.3d 594 (6th Cir. 2010).........................................................24

*Melton v. United States*, 359 F.3d 855 (7th Cir. 2004)...........................................19

*Pilla v. United States*, 668 F.3d 368 (6th Cir. 2012) ..............................................19

*R. & R. adopted*, No. 1:22-CV-77, 2022 WL 2440848 (S.D. Ohio July 5, 2022) ..15

*Sultaana v. Corrigan*, No. 20-3896 WL 7160160, at *5 (6th Cir. Sept. 9, 2021) ...................................................................................................................... *passim*

*Thurman v. Gramley*, 97 F.3d 185 (7th Cir. 1996)..................................................19

*United States v. Gray*, 641 F. App'x. 462 (6th Cir. 2016)...................................4, 17

*United States v. Gray*, No. 20-3523, 2021 WL 2026929 (6th Cir. May 19, 2021) ...................................................................................................................... *passim*

*Viola v. Ohio Att'y Gen.*, No. 1:20CV765, 2021 WL 510746 (N.D. Ohio Feb. 11, 2021) ......................................................................................................................16

*Viola v. Yost*, No. 2:21-CV-3088, 2022 WL 656569 (S.D. Ohio Mar. 4, 2022).....17

## **Federal Statutes**

18 U.S.C. § 2252A(a)(5)(B) .................................................................................1, 4

18 U.S.C. § 2252(a)(2).........................................................................................1, 4

18 U.S.C. § 2252(a)(4).........................................................................................1, 4

18 U.S.C. § 3742(a) ................................................................................................1

28 U.S.C. § 1291 ....................................................................................................1

28 U.S.C. § 1631 ..................................................................................................22

28 U.S.C. § 2244(b)(3)...................................................................... 22, 24

28 U.S.C. § 2244(b)(3)(A) ............................................................... 18, 22

28 U.S.C. § 2255 ........................................................................... *passim*

28 U.S.C. § 2255(a) ...............................................................................19

28 U.S.C. § 2255(h) ........................................................... 13, 18, 22

28 U.S.C. § 2255(h)(1).........................................................................13

28 U.S.C. § 2255 (h)(2).........................................................................13

## **Federal Rules**

Fed. R. App. P. 34(a)(2)(C). ................................................................ vi

## STATEMENT REGARDING ORAL ARGUMENT

Plaintiff-Appellee, the United States of America, believes that the briefs and record adequately present the facts and legal arguments and that oral argument would not significantly aid this Court's the decisional basis. These are not issues of first impression; the legal standards are well-developed; and the facts are undisputed. Thus, the government recommends that this Court decide this case on the briefs under Federal Rule of Appellate Procedure 34(a)(2)(C).

# <u>JURISDICTIONAL STATEMENT</u>

The United States District Court for the Northern District of Ohio had jurisdiction under 18 U.S.C. § 2252(a)(2) and (a)(4), and 18 U.S.C. § 2252A(a)(5)(B).  (R. 12: Indictment, PageID 67).  The court entered judgment against Defendant-Appellant Nickie Gray on March 9, 2015.  (R. 55: Judgment, PageID 373).  This Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

# STATEMENT OF THE ISSUES

I.  Whether the district court abused its discretion in enjoining Gray from filing further motions without permission from this Court?

II.  Whether the district court had jurisdiction to hear Gray's second or successive § 2255 motion?

III.  Whether Gray's second or successive § 2255 motion meets the prima facie standard of newly discovered evidence or a new, retroactive Supreme Court interpretation of constitutional law?

# STATEMENT OF THE CASE

## I.     INTRODUCTION

Nickie Gray appeals the district court's order (R. 133: Order) enjoining him from filing further motions about his conviction or sentencing without leave from the Sixth Circuit.  The district court issued its injunction after concluding that Gray's duplicative and baseless filings were not made in good faith but were "calculated to harass the Government and to abuse the judicial process."  (*Id.*, PageID 2194).  Because Gray did not seek permission from the district court to appeal its ruling, and because he has not sought permission from this Court to file a second or successive petition under 28 U.S.C. § 2255, this Court should affirm the district court's order enjoining him.  In addition, the district court did not have jurisdiction to hear Gray's motion.  He was first required to file a request for permission with this Court.  This Court should vacate and remand for dismissal the district court's order denying Gray's motion, and it should deny Gray's request for permission to file a second or successive § 2255 motion should it construe his motion as such.

## II.     PROCEDURAL HISTORY

On May 6, 2014, a federal grand jury in the Northern District of Ohio returned an indictment charging Nickie Thomas Gray, Jr. with receiving and distributing computer files that contained visual depictions of real minors engaged

in sexually explicit conduct, from on or about February 14, 2013, through on or about April 1, 2014, in violation of 18 U.S.C. § 2252(a)(2) and (a)(4) (Count 1) (R. 12: Indictment, PageID 67) and with possessing child pornography that included an image of a prepubescent minor on April 17, 2014, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 2). (R. 12: Indictment, PageID 68).

The case proceeded to trial, and a jury found Gray guilty of both counts. (R. 40: Verdict, PageID 270-72). On February 12, 2015, the Court sentenced Gray. The Guideline range was 292-365 months (R. 44: PSR, PageID 314), but because of the 20-year statutory maximum, the effective range was 210-240 months. The Court sentenced him to 240 months of imprisonment, followed by ten years of supervised release, and ordered him to pay a $200 special assessment. (R. 55: Judgment, PageID 374-75, 378). He timely filed his notice of appeal on February 26, 2015. (R. 48: Notice of Appeal, PageID 358).

On February 5, 2016, this Court affirmed Gray's convictions and sentence on direct appeal. *United States v. Gray*, 641 F. App'x. 462 (6th Cir. 2016). On March 9, 2016, Gray filed his first motion and supplemental motion seeking relief under 28 U.S.C. § 2255 to vacate and set aside judgment on ineffective assistance of counsel grounds. (R. 67, 73: Motion to Vacate and Set Aside Judgment, PageID 1648). The district court denied the motions and declined to issue a certificate of appealability, as did this Court. *Gray v. United States*, No. 4:14CR0164, 2017 WL

6558494, at *8 (N.D. Ohio Dec. 22, 2017); *Gray v. United States*, No. 18-3067, 2018 WL 7107544, at *4 (6th Cir. Aug. 8, 2018).

Undeterred, Gray then filed a second Motion to Vacate, this time *pro se*, claiming ineffective assistance of counsel during his first § 2255 proceedings. (R. 92: Motion to Vacate). The district court transferred the motion to this Court for its authorization to file a second or successive § 2255 motion, which this Court has now denied twice. *See In re Gray*, No. 19-3519 (6th Cir. Dec. 26, 2019) (order); *United States v. Gray*, No. 20-3523, 2021 WL 2026929, at *2 (6th Cir. May 19, 2021) (order). Gray then filed a *pro se* Motion for a New Trial (R. 131: Motion for New Trial), which the district court struck as improperly filed. (R. 133: Order, PageID 2193).

Finally, Gray filed a *Writ of Audita Querela* (R. 132), which the district court construed as a Motion to Reopen his Section 2255 Motion to Vacate and Set Aside Judgment (R. 133: Order, PageID 2194). The district court denied the motion as improperly raised as the substance of his claims was already addressed in his first § 2255 motion and that his creative captioning did not circumvent the requirement that this Court approve a second or successive motion under that statute. (*Id.*, PageID 2193). All told, Gray has filed four § 2255 motions, two of which were disguised as other motions, three of which were unauthorized, and all of which were denied. The district court recognized that Gray would not stop and

permanently enjoined him from filing any further motions without permission from this Court.  (*Id.*, PageID 2194).  Gray now appeals the district court's order, claiming he was not notified that he was at risk of being declared a "vexatious litigant."  (Doc. 8: Brief of Defendant-Appellant, Page 15).  In the instant appeal, this Court directed the parties to address only whether the district court abused its discretion by imposing the filing restriction.  (Doc. 15-1: Order, Page 3).  For the reasons set forth below, the government asks this Court to affirm the district court's order.

## III.  <u>FACTUAL STATEMENT</u>

On February 14, 2013, Special Agent Cornelius McGrady connected to a peer-to-peer ("P2P") file-sharing program from an internet-connected computer in the Ohio Bureau of Criminal Investigation's Crimes Against Children Unit (BCI).  (R. 61: Trial Tr., PageID 765, 778-779).  This P2P program identified other computers on the network that were distributing image and video files of child pornography.  (R. 61: Trial Tr., PageID 771, 790).  The program identified these files by comparing SHA-1 hash values of previously identified images and videos of child pornography with the SHA-1 hash values of files being distributed on the network.  (R. 61: Trial Tr., PageID 771).  On February 14, 2013, the P2P program identified a person using Internet Protocol (IP) address 71.79.170.229 who was distributing child pornography files.  (R. 61: Trial Tr., PageID 778-780).

SA McGrady successfully downloaded three child pornography files from the above IP address. (R. 61: Trial Tr., PageID 780). One child pornography file was named "9 yo little girl get cum on her opened pussy." (R. 61: Trial Tr., PageID 782, 795, 804). This video depicted a prepubescent girl engaged in sexually explicit conduct. (R. 61: Trial Tr., PageID 804).

SA McGrady obtained an administrative subpoena to internet provider Time Warner Cable for the account owner for the above period and found that the IP address was registered to Helen Gray with a street address in Youngstown, Ohio. (R. 61: Trial Tr., PageID 790, 807-809). On September 25, 2013, FBI Special Agent Bonnie Hartmann, while working in an undercover capacity, connected to a P2P file-sharing program from an internet-connected computer in the Youngstown, Ohio office of the FBI. (R. 61: Trial Tr., PageID 814, 816-817, 822). On September 25, 2013, the P2P program identified a person using Internet Protocol address 71.74.96.13 who was distributing child pornography files. (R. 61: Trial Tr., PageID 822).

Between September 25, 2013 and September 29, 2013, Hartmann attempted to download 23 files listing SHA-1 hash values of previously identified images and/or videos of child pornography that IP address 71.74.96.13 was sharing. (R. 61: Trial Tr., PageID 823-824, 851). SA Hartmann was able to download two

partial video files from IP address 71.74.96.13, both of which were single-source downloads. (R. 61: Trial Tr., PageID 820, 825-826, 845).

On September 25, 2013 between approximately 5:10 p.m. and 5:25 p.m., Hartmann downloaded partial video file "(pthc) izzy anal oral cumshot-hussyfan.avi." (R. 61: Trial Tr., PageID 823, 833-834, 845). This partial video depicted a prepubescent girl engaged in sexually explicit conduct with an adult male.  (R. 61: Trial Tr., PageID 823, 833-834, 845).

On September 29, 2013 between approximately 11:16 a.m. and 11:36 a.m., SA Hartmann downloaded partial video file "(candygirls)nastia 1a (ptsc).avi." (R. 61: Trial Tr., PageID 824, 829, 835, 852).  This partial video depicted a prepubescent girl engaged in touching her exposed breast and vagina.  (R. 61: Trial Tr., PageID 824, 829, 833-834, 845).

On October 8, 2013, Hartmann attempted to download 52 files listing SHA-1 hash values of previously identified images and/or videos of child pornography that IP address 71.74.96.13 was sharing.  (R. 61: Trial Tr., PageID 825, 845, 852). Hartmann was able to download one partial video file from IP address 71.74.96.13, which was a single-source download.  (R. 61: Trial Tr., PageID 825, 845, 852).

On October 8, 2013 between approximately 2:23 a.m. and 2:40 a.m., Hartmann downloaded the partial video file "pthc evelin 12yr evelyn 2010278.mpg."  (R. 61: Trial Tr., PageID 825, 828, 832-834, 845, 852).  This

partial video depicted a prepubescent girl engaged in sexually explicit conduct with an adult male. (R. 61: Trial Tr., PageID 825, 828, 832-834, 845, 852).

Hartmann obtained an Administrative Subpoena sent to Time Warner Cable, encompassing the dates and times the above files were downloaded, and determined that IP address 71.74.96.13 was subscribed by Helen Gray, at a street address in Youngstown, Ohio. (R. 61: Trial Tr., PageID 826-827, 833).

On January 31, 2014, Hartmann attempted to download 23 files listing SHA-1 hash values of previously identified images and/or videos of child pornography that IP address 71.74.96.13 was sharing. (R. 61: Trial Tr., PageID 831, 833-834, 852). Hartmann was able to download three partial video files from IP address 71.74.96.13, which were single-source downloads. (R. 61: Trial Tr., PageID 831, 833-834, 852).

On January 31, 2014 between approximately 5:40 p.m. and 5:45 p.m., SA Hartmann downloaded partial video file "(pthc)k4 girl-csis10-spread & fondled on bed.avi." (R. 61: Trial Tr., PageID 831, 843-844). This partial video depicted a prepubescent girl engaged in sexually explicit conduct with an adult male. (R. 61: Trial Tr., PageID 831, 843-844). Hartmann obtained an Administrative Subpoena sent to Time Warner Cable, encompassing the dates and times the above files were downloaded, and determined IP address 71.74.96.13 was subscribed by Helen

Gray, at a street address in Youngstown, Ohio.  (R. 61: Trial Tr., PageID 833, 845-846).

Hartmann searched various records indices for information regarding Helen Gray and found that Nickie Thomas Gray also resided there.  (R. 61: Trial Tr., PageID 847-848).

On March 31, 2014, Task Force Officer (TFO) Robert Smith connected to a P2P file-sharing program from an internet-connected computer in the Youngstown, Ohio office of the FBI.  (R. 61: Trial Tr., PageID 869, 872-873).  On March 31, 2014, the P2P program identified a person using Internet Protocol address 71.74.96.13 who was distributing child pornography files.  (R. 61: Trial Tr., PageID 873. 876-877).  TFO Smith attempted to download 311 files listing SHA-1 hash values of previously identified images and/or videos of child pornography that IP address 71.74.96.13 was sharing.  (R. 61: Trial Tr., PageID 874, 876-877). TFO Smith was able to download one partial video file on March 31, 2014, and four video files on April 1, 2014, from IP address 71.74.96.13, which were all single source downloads.  (R. 61: Trial Tr., PageID 879).

TFO Smith downloaded the video entitled "! new ! (pthc) veronika little sister bj and cum inside mouth."  (R. 61: Trial Tr., PageID 882-883, 933).  This partial video depicted a prepubescent girl engaged in sexually explicit conduct with an adult male.  (R. 61: Trial Tr., PageID 883, 933).

A U.S. Magistrate Judge signed a search warrant authorizing a search of Gray's residence. (R. 61: Trial Tr., PageID 885). Hartmann executed the search warrant on April 17, 2014. (R. 61: Trial Tr., PageID 850). BCI Computer Forensic Specialist (CFS) Heather Karl examined a computer found on a desk in the dining room across from Gray's sleeping area. (R. 61: Trial Tr., PageID 850, 911, 966). The computer was password protected. (R. 61: Trial Tr., PageID 914, 916, 923, 1092). Helen Gray did not know the password. (R. 61: Trial Tr., PageID 914). The user account was named HACKIN. (R. 61: Trial Tr., PageID 917). CFS Karl found seven files of child pornography on Gray's hard drive in the "My Shared Folder." (R. 61: Trial Tr., PageID 921, 923-924, 927). CFS Karl examined a video titled "(sm)inside 10 yo zoofilia." (R. 61: Trial Tr., PageID 928-929). This video depicted a dog penetrating a prepubescent girl in a sexual act. (R. 61: Trial Tr., PageID 928-930). Gray's computer was seized and collected as evidence. (R. 61: Trial Tr., PageID 942-943).

BCI computer forensic specialist Clairice Shook imaged Gray's computer hard drive and performed a forensic examination. (R. 62: Trial Tr., PageID 1029, 1051, 1062-1065, 1072-1073). Gray's computer contained peer-to-peer software, numerous visual depictions of minors engaged in sexually explicit conduct, and images and movies of child pornography. (R. 62: Trial Tr., PageID 1087, 1091, 1101). Shook found ShareH.dat and ShareL.dat files on Gray's computer. (R. 62:

Trial Tr., PageID 1134).  The ShareH.dat file contained information about files

downloaded using the P2P program.  (R. 62: Trial Tr., PageID 1134).  The

ShareL.dat file tracked the files contained information about files shared on the

P2P network.  (R. 62: Trial Tr., PageID 1134-1135).

Shook found search terms on Gray's computer that were indicative of child

pornography: "pthc," "pthc slut," "hot lolita," "best pthc," "kids only," "pthc

very," "r@y," "opva sperm," "toddler enjoy," and "black loli." (R. 62: Trial Tr.,

PageID 1139).  Gray's computer also had evidence of link files and jump lists of

child pornography images and videos that Gray viewed and deleted.  (R. 62: Trial

Tr., PageID 1144-1147).  Gray's computer contained pictures of himself.  (R. 62:

Trial Tr., PageID 1148).  Gray's computer had the "SlimCleaner" file

removal/computer cleaning program. (R. 62: Trial Tr., PageID 1151).

The jury found Gray guilty of both counts in the indictment.  (R. 40: Verdict,

PageID 270-72).  At sentencing, this Court then considered various sentencing

factors and sentenced him to 240 months of prison on Count 1, to run concurrently

with 240 months of prison on Count 2.  (R.55: Judgement, PageID 374).

## SUMMARY OF THE ARGUMENT

Gray's appeal is without merit.  First, the district court was well within its

discretion to enjoin him from further duplicative and abuse filings.  For years, the

district court and this Court have informed Gray that his claims are without merit,

yet he persists in raising the same arguments repeatedly, knowing no court has found them persuasive. This repeated rejection notified Gray that the district court could enjoin him from filing in the future. The effect of the court's enjoinment merely forces Gray to follow the rules, and this Court should affirm it.

Second, the district court lacked subject matter jurisdiction to hear Gray's latest § 2255 motion. Under 28 U.S.C. § 2255(h), a defendant must seek permission from the appropriate appellate court before filing a second or successive § 2255 motion. Because Gray did not, the district court could not hear his motion, and this Court should vacate and remand the district court's decision with instructions to dismiss it.

Third, Gray does not raise any newly discovered evidence (§ 2255(h)(1)) or new interpretation of constitutional law that the Supreme Court has made retroactive to cases on collateral review (§ 2255(h)(2)) in his latest motion. To the extent the Court construes Gray's motion as a request for permission to file a second or successive § 2255 motion, it should deny it as baseless.

# ARGUMENT

## I.     THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN ENJOINING GRAY FROM FILING FURTHER MOTIONS.

### A.     Standard of Review

District courts have "'inherent authority' to impose sanctions based on a litigant's bad faith, contemptuous conduct, and conduct that 'abuses the judicial process.'" *Clemons v. DeWine*, No. 19-3033, 2019 WL 7567197, at *3 (6th Cir. May 1, 2019) (quoting *First Bank of Marietta v. Hartford Underwriters Ins. Co*., 307 F.3d 501, 516 (6th Cir. 2002); *Chambers v. NASCO, Inc*., 501 U.S. 32, 44–45 (1991)).  As this Court has explained, "[t]here is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 169 (6th Cir. 1998) (citing *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987)).

This Court reviews district court orders enjoining a litigant from filing future motions without permission for abuse of discretion.  *Sultaana v. Corrigan*, No. 20-3896, 2021 WL 7160160, at *5 (6th Cir. Sept. 9, 2021) (citing *First Bank of Marietta.*, 307 F.3d at 516); *see also Feathers*, 141 F.3d at 269 (noting that an abuse of discretion standard of review applied to injunction imposing pre-filing restrictions to curb vexatious litigation).  The Sixth Circuit has yet to adopt specific procedures a district court must follow before enjoining a vexatious litigant; this Court has cited approvingly, but has not mandated, a four-part test created by the

Ninth Circuit.  *See Clemons*, 2019 WL 7567197, at *3 (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147–48 (9th Cir. 1990); *Sultaana*, 2021 WL 7160160, at *5 ("In *Clemons*, we *acknowledged* authority from the Ninth Circuit holding that a 'a district court imposing a vexatious litigant order must . . . .'") (emphasis added).  The Ninth Circuit's four-part test requires courts in that circuit to:

> (1) provide notice to the plaintiff; (2) 'create an adequate record for review . . . includ[ing] a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed'; (3) make 'substantive findings as to the frivolous or harassing nature of the litigant's actions'; and (4) narrowly tailor the order 'to closely fit the specific vice encountered.'

*Id.* (citing *De Long*, 912 F.3d at 1147–78) (emphasis added).  It is worth noting that this Court has not used this test in all cases.  *See, e.g., Jaiyeola v. Toyota Motor Corp.*, No. 21-1812, 2022 WL 17819776, at *4 (6th Cir. June 16, 2022) (affirming the district court's enjoinment order without employing the *De Long* test).

Since *Clemons*, few district courts in this Circuit have had to implement the *De Long* test; some have made use of it, others have declined to adopt it.  *See, e.g.*, *Blair v. Hamilton Cnty. Justice's Ctr.*, No. 1:22-CV-77, 2022 WL 1153204 (S.D. Ohio Apr. 19, 2022) (adopting four-part test), *R. & R. adopted*, No. 1:22-CV-77, 2022 WL 2440848 (S.D. Ohio July 5, 2022); *Gratton v. Cochran*, No. 3:20-CV-00742, 2021 WL 3603789, at *5–6 (M.D. Tenn. Aug. 13, 2021) (same), *aff'd sub nom. Gratton v. Wildasin*, No. 21-5824, 2022 WL 3969833 (6th Cir. June 22,

2022); *Viola v. Ohio Att'y Gen.*, No. 1:20CV765, 2021 WL 510746, at *29 (N.D. Ohio Feb. 11, 2021) (enjoining defendant without engaging in four-part test). One court has erroneously interpreted *Clemons* and *Sultaana* as imposing the test on district courts. *See In re Nyamusevya*, 654 B.R. 581, 590 (Bankr. S.D. Ohio 2023) ("[T]he Sixth Circuit instructs that this Court *must* [conduct the *De Long* test].") (emphasis added).

**B.    To the Extent that *Clemons* Sets Forth Requirements, the District Court Met Them.**

Even if the Court views the *Clemons*/*De Long* test as a requirement, the district court satisfied it. The district court provided Gray with adequate notice that he was at risk of being declared a vexatious litigant, created a complete and comprehensive record justifying the order, made substantive findings to the frivolous and harassing nature of Gray's filings, and narrowly tailored the order to curb the specific, vexatious behavior.

> 1.    <u>Gray had adequate notice that his practice of repeatedly filing disguised § 2255 motions could result in the court prohibiting him from filing again without permission.</u>

Gray was adequately advised that his repeated filings could lead to the district court enjoining him from filing without permission in the future. This Court has generally held that district courts should give pro se litigants some form of notice before imposing an order enjoining future filing. That notice can be a magistrate judge's report and recommendation. *See, e.g.*, *Clemons*, 2019 WL

7567197, at *3; *Sultaana*, 2021 WL 7160160, at *5; *Blair*, 2022 WL 1153204, at *6. A district court may also explicitly warn a defendant that he or she is at risk. *See Viola v. Yost*, No. 2:21-CV-3088, 2022 WL 656569 (S.D. Ohio Mar. 4, 2022), *aff'd*, No. 22-3262, 2023 WL 6222366 (6th Cir. June 12, 2023). Finally, notice may also take the form of responses to repeated filings. *See Gratton*, 2021 WL 3603789, at *5.

The latter situation applies here. Over seven years, the government has responded to numerous post-convictions motions from Gray, and this Court and the district court have denied them. In 2016, this Court affirmed his conviction, holding that it did not violate the Double Jeopardy Clause and that there was sufficient evidence presented at trial to convict him of possessing and receiving child pornography. *Gray*, 641 F. App'x at 465–67. The Court declined to address his ineffective assistance of counsel claim, holding that it was better suited for a § 2255 motion. *Id.* at 470.

Gray then filed a 28 U.S.C. § 2255 Motion to Vacate and Set Aside Judgment and claimed his trial counsel had been ineffective, among other errors. (R. 67: Def's Motion). The district court denied his motion, finding his claims to be without merit. (R. 85: Order, PageID 1793–1802). This Court then denied Gray's request for a certificate of appealability, telling him that he had not "clearly identified how counsel performed deficiently or how he was prejudiced by

counsel's conduct . . . ." *Gray v. United States*, No. 18-3067, 2018 WL 7107544, at *3 (6th Cir. Aug. 8, 2018). In a sign of things to come, Gray reraised his already-rejected Double Jeopardy claim under the guise of ineffective assistance of counsel. *Id.* This was Gray's "one bite at the apple" for § 2255.

In 2019, Gray filed a second § 2255 motion, alleging ineffective assistance of counsel at his first. (R. 92: Def's Motion). The district court transferred the case to this Court, noting that under 28 U.S.C. § 2244(b)(3)(A), a defendant must request that the appropriate appellate court first issue an order authorizing the district court to consider a second or successive § 2255 motion. (R. 93: Order, PageID 1842). Gray then filed a motion requesting this Court remand the proceeding back to the district court. This Court denied his motions for authorization and remand, finding that Gray did not raise a new rule of constitutional law or new evidence as required by § 2255(h), and that his claims of ineffective assistance of counsel during his initial § 2255 motion were not well taken as errors in post-conviction proceedings are outside the scope of federal habeas review. (R. 95: Order, PageID 1845–46). In summary, this Court told Gray that he had no basis for filing a second or successive § 2255 motion.

In 2020, Gray filed a motion captioned "Gray Moves To Dismiss The Indictment." The government filed a motion in opposition, and the district court denied Gray's motion on the merits and declined to issue a certificate of

appealability.  Gray appealed this denial to this Court, which construed Gray's

motion in the district court as a second or successive § 2255 motion and his appeal

of the district court's denial as a motion for authorization to file.  *United States v.*

*Gray*, No. 20-3523, 2021 WL 2026929, at *2 (6th Cir. May 19, 2021).

Substantively, this Court denied Gray's motion, reminding him again that a second

or successive § 2255 motion must be based on a previously unavailable rule of

constitutional law or newly discovered evidence, neither of which applied.  *Id.*

This Court also agreed with the government that the district court lacked

jurisdiction to consider Gray's motion; a defendant must first request permission to

file a second or successive § 2255 motion with the appropriate appellate court.  *Id.*,

at *3.  This was the second time Gray had been told his "creative captioning" was

not well-received:

> 'If, in substance, a claim falls within the scope of [28 U.S.C.] § 2255(a),
> it should be treated as such regardless of any 'inventive captioning' by
> the prisoner.' *Pilla v. United States*, 668 F.3d 368, 372 (6th Cir. 2012)
> (quoting *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004)).
> "Call it a motion for a new trial, arrest of judgment, mandamus,
> prohibition, coram nobis, coram vobis, ***audita querela***, certiorari,
> capias, habeas corpus, ejectment, quare impedit, bill of review, writ of
> error, or an application for a Get-Out-of-Jail Card; the name makes no
> difference. It is substance that controls." *Melton*, 359 F.3d at 857 (citing
> *Thurman v. Gramley*, 97 F.3d 185, 186-87 (7th Cir. 1996))

*United States v. Gray*, 2021 WL 2026929, at *2 (emphasis added).

Over seven years, the government, the district court, and this Court have told

Gray that his post-conviction claims are baseless.  This has not deterred him, but it

has informed him that continued litigation serves only to tax strained judicial resources. These warnings went unheeded, however, as Gray continued to file, including something captioned "Gray Moves Under Fed. R. Crim. P. Rule 33, In Tandem With Rule 45." (R. 131: Def's Motion). Again attempting to relitigate the issues that failed on his direct appeal and three subsequent § 2255 motions, Gray raised the same ineffective assistance of counsel claims this Court has repeatedly rejected. (*Id.*). After the district court struck the motion as improperly filed, Gray filed his fourth § 2255 motion, at issue here, captioned: "Gray Moves to Reopen His Section 2255, Or Alternatively a Writ of Audita Querela." (R. 132: Def's Motion). He again raised claims that the district court and this Court have repeatedly dismissed as meritless: that his motions were not "second or successive" § 2255 motions (*id.*, PageID 2176), that his counsel was ineffective (*id.*, PageID 2178), and Double Jeopardy (*id.*, PageID 2180–81, 2185). He raised, as he has in the past, alleged "new" questions of constitutional law based on whatever most recent Supreme Court decisions he could twist to fit his case. (*Id.*, PageID 2183–84). Gray has been repeatedly told that his claims are without merit, but this has not deterred him, requiring the district court to issue its order enjoining him from future filing without permission.

## 2. The district court created a complete record justifying its order enjoining Gray.

In declaring Gray a vexatious litigant, the district court created a comprehensive and detailed record describing Gray's pattern of duplicative and baseless filings. (R. 133: Order). It described, in detail, the numerous post-conviction motions Gray has filed and this Court's repeated rejection of the claims within. (*Id.*, PageID 2191–94). This record is sufficient to satisfy the *Clemons*/*De Long* test. *See Clemons v. DeWine,* 2019 WL 7567197, at *3; *Sultaana v. Corrigan*, 2021 WL 7160160, at *5.

## 3. The district court made substantive findings as to the frivolous and harassing nature of Gray's motions.

The district court found that Gray's "repetitive and baseless" filings "appear[ed] calculated to harass the government and to abuse the judicial process." (R. 133: Order, PageID 2194). This finding is sufficient to satisfy the *Clemons*/*De Long* test. *See Clemons v. DeWine,* 2019 WL 7567197, at *3; *Sultaana v. Corrigan*, 2021 WL 7160160, at *5.

## 4. The district court narrowly tailored its ruling to curb the specific vexatious behavior.

The district court was not overbroad in enjoining Gray from further filing; rather, it tailored its ruling to fit the behavior at issue: "Defendant is permanently enjoined from filing any further motions or other documents pertaining to his convictions and sentencing in this criminal action unless and until he has received

permission from the Sixth Circuit to file a second or successive petition under 28

U.S.C. § 2255." (R. 133: Order, PageID 2194). Somewhat ironically, this leaves

Gray in nearly the same position in which he started. After his first § 2255 motion

failed, Gray was required to certify any second or successive § 2255 motion with

this Court. 28 U.S.C. § 2255(h). All the district court did was attempt to enforce

this mandate. It was less an enjoinment and more a demand that Gray follow the

rules.

## II.   THE DISTRICT COURT DID NOT HAVE JURISDICTION TO ADDRESS THE MERITS OF GRAY'S LATEST § 2255 MOTION AS HE WAS REQUIRED TO FIRST OBTAIN PERMISSION TO FILE IT FROM THIS COURT.

The district court did not have jurisdiction to address the merits of Gray's

latest § 2255 motion. After a defendant has exhausted his first § 2255 motion, he

must obtain permission from the appropriate appellate court before filing a second

or successive one. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A). A district

court may not consider a second or successive § 2255 motion absent this

authorization. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam); *In re

Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a second or successive . . . § 2255

motion is filed in the district court without § 2244(b)(3) authorization from this

court, the district court shall transfer the document to this court pursuant to 28

U.S.C. § 1631."). This Court has previously vacated and remanded with

instructions to dismiss the district court's order for lack of jurisdiction in this case.

*United States v. Gray*, No. 20-3523, 2021 WL 2026929, at *3 (6th Cir. May 19,

2021).  Because Gray's latest motion bypassed this statutory procedure, this Court

should vacate and remand the district court's order with instructions to dismiss for

lack of jurisdiction, to the extent that dismissal is possible while maintaining the

court's order enjoining Gray from future filings without permission.

III. **GRAY'S LATEST FILING, IF CONSTRUED AS A REQUEST FOR PERMISSION TO FILE A SECOND OR SUCCESSIVE § 2255 MOTION, DOES NOT MAKE THE REQUIRED PRIMA FACIE SHOWING.**

A. **Gray's Filing is a Second or Successive § 2255 Motion.**

Gray's motion is the latest in a protracted line of attempts to relitigate the

same issues he raised in his first § 2255 motion.   Unfortunately, there is no clear

definition of "second or successive" in the AEDPA statute.  *Clark v. United States*,

764 F.3d 653, 658 (6th Cir. 2014).   However, this Court has held that motions not

labeled as such are nonetheless second or successive § 2255 motions in disguise

when they "'attack[ ] the federal court's previous resolution of a claim on the

merits.'"  *In re Nailor*, 487 F.3d 1019, 1023 (6th Cir. 2007) (quoting *Gonzalez v.

Crosby*, 545 U.S. 524, 532 (2005)).  And as this Court has already told Gray, it "is

the substance that controls" whether something counts as a second or successive §

2255 motion.

Here, substantively and in caption, Gray has submitted a second or

successive § 2255.  It is captioned "Gray Moves to Reopen His Section 2255, Or

Alternatively A Writ of Audita Querela." (R. 132: Def's Motion, PageID 2173). The substance of his claims is identical to those raised in previous § 2255 motions. (R. 132: Writ of Audita Querela, PageID 2185–87; R. 92: Motion to Vacate, PageID 1834–39, 1855–57; R. 67: Motion to Vacate, PageID 1648–65). This Court should therefore deny his request for permission to file a second or successive § 2255 motion, if it chooses to construe his filing as such.

If, in the alternative, this Court determines that Gray's motion is not a second or successive § 2255 motion, it must dismiss the case for want of jurisdiction: "Indeed, because § 2244(b)(3) only grants this court original jurisdiction over 'second or successive' petitions, this court cannot exercise its authority under § 2244(b)(3) unless the court has concluded that the petition is 'second or successive.'" *Keith v. Bobby*, 618 F.3d 594, 600 (6th Cir. 2010).

**B.      Gray's Second or Successive § 2255 Motion Does Not Make a Prima Facie Case.**

Gray failed to satisfy his burden to show that his latest § 2255 motion is based on newly discovered evidence or a new, retroactive rule of constitutional law. While Gray's filing is not a request for permission to file a second or successive § 2255 motion, this Court has construed a similar filing as such in the past. *See United States v. Gray*, 2021 WL 2026929, at *2 ("Accordingly, we construe Gray's notice of appeal as a motion for authorization."). To the extent the Court construes Gray's latest filing as a request for permission to file a second or

successive § 2255 motion, this Court should deny it.  As then, Gray does not "make a prima-facie showing that his proposed claims are based on newly discovered evidence or a new rule of constitutional law that was previously unavailable and that the Supreme Court has made retroactive to cases on collateral review." *Id.* (citing *In re Sargent*, 837 F.3d 675, 676 (6th Cir. 2016)).

Here, Gray raised no claim of newly discovered evidence or new, retroactive constitutional law.  Instead, he attempts to relitigate his old complaints: Double Jeopardy and ineffective assistance of counsel (R. 132: Def's Motion, PageID 2185–87).  Woven throughout are references to recent, inapplicable Supreme Court decisions, such as *Dobbs* and *Bruen*.  (*Id.*, PageID 2180).  Moreover, Gray admits that he "does not raise a new claim . . ." (*Id.*, PageID 2183), but rather posits that *Bruen* and *Dobbs* somehow upended conventional interpretation of the Double Jeopardy clause.  (*Id.*, PageID 2186).  Putting aside the suspect validity of this argument, it is not one on which a second or successive § 2255 motion may be based.   A general emphasis on textualism by the Supreme Court does not create new, retroactive rules of constitutional law.  This Court should therefore deny Gray's request for permission to file a second or successive § 2255 motion.

## CONCLUSION

The district court did not abuse its discretion in enjoining Gray from filing further motions pertaining to his conviction. However, the district court did lack jurisdiction to hear Gray's latest § 2255 motion, for which he was first required to obtain permission to file from this Court. The government therefore respectfully requests this Court affirm the district court's enjoinment, vacate and remand for dismissal its decision denying Gray's § 2255 motion, and deny Gray's request for permission to file a second or successive § 2255 motion in the district court.

Respectfully submitted,

REBECCA C. LUTZKO
United States Attorney

By:   /s/ Brian M. McDonough
       Brian M. McDonough (OH: 0079254)
       Assistant United States Attorney
       801 West Superior Avenue, Suite 400
       Cleveland, Ohio 44113
       Telephone No: (216) 622-3965
       Facsimile No: (216) 522-2403
       E-mail: Brian.McDonough@usdoj.gov

## CERTIFICATION OF COMPLIANCE WITH WORD LIMITATION

I hereby certify that the foregoing contains 5,754 words according to the word-counting feature of Microsoft Word for Office 365 and complies with this Court's 13,000 word limitation for briefs.

/s/ Brian M. McDonough
Brian M. McDonough
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of November 2024, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  A copy of this filing also will be mailed the same day to Petitioner-Appellant Nickie Thomas Gray at the following address:

> Nickie Thomas Gray
> Reg. No. 60185-060
> Hazelton FCI
> P.O. Box 5000
> Bruceton Mills, West Virginia 26525

/s/ Brian M. McDonough
Brian M. McDonough
Assistant United States Attorney

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

Pursuant to Sixth Circuit Rule 30(b), the following filings from the district court's records are designated as relevant to this appeal:

| DESCRIPTION OF ENTRY | RECORD ENTRY NO. | PAGE ID RANGE |
|---|---|---|
| Docket Sheet, Northern District of Ohio, Case No.4:14CR164 | N/A | N/A |
| Indictment | 12 | 67-68 |
| Verdict | 40 | 270-72 |
| Notice of Appeal | 48 | 358 |
| PSR | 44 | 298-318 |
| Judgment | 55 | 373-79 |
| Trial Transcript, Volume II | 61 | 765-966 |
| Trial Transcript, Volume III | 62 | 1029-151 |
| Motion to Vacate | 67 | 1648-67 |
| Supplemental Motion to Vacate | 73 | 1705-10 |
| Order | 85 | 1786-1802 |
| Motion to Vacate | 92 | 1832-57 |
| Order | 93 | 1842-43 |
| Order | 95 | 1845-46 |
| Motion | 107 | 1944-47 |
| Supplemental Motion | 110 | 2040-42 |
| Response | 112 | 2078-93 |
| Order | 119 | 2114-20 |
| Notice of Decisions | 124 | 2132-33 |

| DESCRIPTION OF ENTRY | RECORD ENTRY NO. | PAGE ID RANGE |
|---|---|---|
| Notice of More Decisions | 125 | 2135-36 |
| Judicial Notice | 126 | 2138-39 |
| Reconsideration Order | 127 | 2140-44 |
| Notice of Appeal | 128 | 2145 |
| Motion for New Trial | 131 | 2153-71 |
| Writ of Audita Querela | 132 | 2173-89 |
| Order | 133 | 2191-95 |