**NOT RECOMMENDED FOR PUBLICATION**

No. 23-3723

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 3, 2025
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| NICKIE THOMAS GRAY, JR.,  )  <br>  ) <br> Petitioner-Appellant,  ) <br>  ) <br> v.  ) <br>  ) <br> UNITED STATES OF AMERICA,  ) <br>  ) <br> Respondent-Appellee.  )  | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |

O R D E R

Before: GILMAN, GIBBONS, and THAPAR, Circuit Judges.

Nickie Thomas Gray, Jr., a federal prisoner proceeding pro se, appeals a district court order imposing filing restrictions in his 28 U.S.C. § 2255 proceeding. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a). For the following reasons, we vacate the district court's order in part and remand for further proceedings.

In 2014, a jury convicted Gray of two child-pornography offenses, and the district court sentenced him to 240 months of imprisonment. We affirmed Gray's convictions and sentence on direct appeal. *United States v. Gray*, 641 F. App'x 462, 470 (6th Cir. 2016). Gray then filed a § 2255 motion to vacate his sentence, which the district court denied on the merits. This court denied Gray's application for a certificate of appealability. *Gray v. United States*, No. 18-3067, slip op. at 6 (6th Cir. Aug. 8, 2018).

In July 2023, Gray moved the district court to either reopen his § 2255 proceeding or grant him a writ of audita querela. He argued that he was actually innocent because he did not possess

the electronic devices listed in the indictment until after the offenses allegedly occurred, and that the two counts charged in the indictment were "multiplicitous." The district court denied the motion. Noting Gray's "pattern of filing motions in the case at bar that are repetitive and baseless," the district court also "permanently enjoined [Gray] from filing any further motions or other documents pertaining to his convictions and sentencing in this criminal action unless and until he has received permission from the Sixth Circuit to file a second or successive petition under 28 U.S.C. § 2255." We dismissed Gray's appeal to the extent that he sought to challenge the district court's denial of his motion to reopen his § 2255 proceeding or the denial of his request for a writ of audita querela. *Gray v. United States*, No. 23-3723, slip op. at 3 (6th Cir. Aug. 8, 2024).

Gray now argues that the district court did not warn him before imposing sanctions "that he was somehow abusing or harassing the Court." He contends that his post-judgment motions were well-researched and raised good-faith arguments that were not intended to harass the district court. And he contends that the district court failed to identify which of his motions were frivolous or repetitive. He asks us to remand his case to the district court with instructions to vacate the filing restriction and to reassign the case to a different district judge. Gray also moves for the appointment of counsel. We deny that motion because Gray has adequately briefed his appeal, and the interests of justice do not otherwise require counsel to be appointed. *See United States v. Augustin*, 16 F.4th 227, 233–34 (6th Cir. 2021).

The government responds that the district court properly imposed filing restrictions after warning Gray that his claims were frivolous. It also asks us to vacate the district court's order denying Gray's motion to reopen or grant a writ of audita querela and remand with instructions to dismiss that motion with prejudice for lack of subject-matter jurisdiction.

A district court has discretion to impose prefiling restrictions on a party with a track record of repetitive or vexatious litigation. *United States ex rel. Odish v. Northrup Grumman Corp.*, 843 F. App'x 748, 750 (6th Cir. 2021) (per curiam); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998). But before imposing sanctions, the court must give a party notice of the offending conduct and an opportunity to be heard. *NPF Franchising, LLC v. SY Dawgs, LLC*, 37 F.4th 369, 377 (6th Cir. 2022); *Clemons v. DeWine*, No. 19-3033, 2019 WL 7567197, at *3 (6th

Cir. May 1, 2019); *Cook v. Am. S.S. Co.*, 134 F.3d 771, 775 (6th Cir. 1998). In some cases, we have found that this requires a district court to provide "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed" and to "make 'substantive findings as to the frivolous or harassing nature of the litigant's actions.'" *Clemons*, 2019 WL 7567197, at *3 (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1147–48 (9th Cir. 1990)). If a litigant claims that the district court failed to provide sufficient notice of potential sanctions and an opportunity to be heard, we review that claim de novo. *NPF Franchising*, 37 F.4th at 377.

Here, the district court should have provided notice before it prohibited Gray's future filings. Indeed, the district court did not provide notice here. And, while the Sixth Circuit had informed Gray "that the courts will not consider motions and appeals which disregard the established law of the case," this court did not put Gray on notice that continuing to file meritless documents might subject him to sanctions, like being prohibited to file in the future. Since neither this Court nor the district court gave Gray notice of potential sanctions and an opportunity to respond, he cannot be sanctioned at this point.

Two other issues must be addressed. First, the government asks us to vacate the portion of the district court's order that denied Gray's motion to either reopen his § 2255 proceeding or grant him a writ of audita querela. But that would exceed the scope of the appeal. The parties were ordered to brief only one issue: "Whether the district court abused its discretion when it imposed a filing restriction on Gray." *Gray*, No. 23-3723, slip op. at 3.

Second, Gray asks us to reassign his case to a different district judge on remand. "[R]eassignment to a different district judge 'is an extraordinary power and should be rarely invoked.'" *Odish*, 843 F. App'x at 750 (quoting *United States ex rel. Williams v. Renal Care Grp., Inc.*, 696 F.3d 518, 533 (6th Cir. 2012)). We consider three factors to determine whether reassignment is appropriate: (1) "whether the original judge would reasonably be expected to have substantial difficulty in putting out of his or her mind previously expressed views or findings," (2) "whether reassignment is advisable to preserve the appearance of justice," and (3) "whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." *Id.* at 750–51 (quoting *Williams*, 696 F.3d at 532–33). Here, because all

No. 23-3723
- 4 -

that is left to do is remove the filing restriction from the district court's order, reassignment is not necessary.

We therefore **DENY** Gray's motion to appoint counsel, **VACATE** the district court's order only to the extent that it imposed a filing restriction on Gray, and **REMAND** for further proceedings consistent with this order.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk